# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER L. SAJNOG,
       Appellant,

      v.

DEPARTMENT OF HOMELAND
   SECURITY,
       Agency.

DOCKET NUMBER
SF-0752-16-0788-I-1

DATE: July 20, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher L. Sajnog, San Diego, California, pro se.

Edith Moore McGee, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed by almost 4 months without good cause shown. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　In a decision letter dated April 25, 2016, the agency informed the appellant that, effective April 27, 2016, he was being removed from his position of Close Quarters Combat Training Coordinator based on the charges of absence without approved leave and failure to follow leave requesting procedures on 45 days between January 11 and March 23, 2016, and failure to follow instruction to either return to duty or provide medical documentation to support his absence. Initial Appeal File (IAF), Tab 5 at 16-17, 21-28. The appellant indicated that he received the agency's decision letter on April 28, 2016. IAF, Tab 1 at 3. The decision letter notified the appellant of his right to appeal the agency's action to the Board and that an appeal had to be filed no later than 30 days after the effective date of the action or 30 days after the date of his receipt of the decision, whichever was later. IAF, Tab 5 at 17-18.

¶3　　The appellant filed a Board appeal of his removal on September 21, 2016, and he did not request a hearing. IAF, Tab 1 at 1-6. With his initial appeal, he submitted a copy of a whistleblower reprisal complaint that he had filed against

the agency with the Office of Special Counsel (OSC) on February 8, 2014, concerning lost supervisory duties, change in work hours, disallowance of physical fitness training during work hours, and being denied Government vehicles to drive to training sites. *Id.* at 4, 21-29. The administrative judge issued an acknowledgment order informing the appellant that the time period for filing an appeal to the Board appeared to begin on April 27, 2016, and thus his appeal, filed on September 21, 2016, appeared to be 117 days late. IAF, Tab 2 at 2. She further apprised him of his burden regarding timeliness and ordered him to file evidence and argument on the timeliness issue. *Id.* at 2-5. The appellant responded that he believed that OSC's investigation into his retaliation complaint was ongoing until he became aware, on or about September 20, 2016, that OSC closed its investigation. IAF, Tab 3 at 3. He further claimed that the agency requested OSC to close the investigation. *Id.* The agency also responded and moved to dismiss the appeal as untimely filed. IAF, Tab 5 at 7-9.

¶4      In reply, the appellant asserted that, because he thought that the agency's removal action was covered by an ongoing OSC investigation, he believed that he "should not communicate with the other party of an open investigation." IAF, Tab 6 at 8. Moreover, he claimed that the agency and OSC "worked in private to illegally close the retaliation case in an attempt to ensure [he] could be removed from [F]ederal employment without a form of redress." *Id.* The appellant also addressed the merits of his appeal by alleging that his physician recommended, on December 31, 2015, that he not return to work due to "increased stress from a hostile work environment/retaliation," the agency violated Executive Order 5396 by denying his right as a disabled veteran to seek required medical treatment, he disobeyed the agency's order to return to duty because it was illegal, and his removal was a continuation of the agency's harassment and whistleblower retaliation. *Id.* at 4-7, 9. The appellant submitted a copy of an OSC close-out letter dated October 2, 2015, which was addressed to his address of record. IAF, Tab 7 at 4-5. The close-out letter advised him that OSC had closed the file on his

complaint, OSC File No. MA-14-1438, based on a settlement agreement between the agency and the appellant dated December 16, 2014. *Id.* at 5.

¶5    Based on the written record, the administrative judge issued an initial decision that granted the agency's motion and dismissed the appeal as untimely filed without good cause shown.  IAF, Tab 8, Initial Decision (ID) at 1, 5.  Specifically, she found that the appellant's appeal was filed approximately 117 days late.  ID at 3.  She further found that the appellant failed to show good cause for the delay by demonstrating that he exercised due diligence or ordinary prudence concerning the filing of his appeal.  ID at 4-5.

¶6    The appellant has filed a petition for review arguing, among other things, that there was good cause for his untimely appeal.  Petition for Review (PFR) File, Tab 1 at 4-8.  The agency has filed a response, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's removal appeal was untimely filed by almost 4 months.

¶7    The appellant bears the burden of proof regarding timeliness, which must be established by a preponderance of the evidence.  *Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 5 (2012); 5 C.F.R. § 1201.56(b)(2)(i)(B).  The appellant was required to file an adverse action appeal no later than 30 days after the effective date of his removal, or 30 days after the date of his receipt of the agency's removal decision, whichever was later.[2]  *See Smith*, 117 M.S.P.R. 527, ¶ 5; 5 C.F.R. § 1201.22(b)(1).  Both of these events occurred in late April 2016, and, on review, neither party contests the administrative judge's finding that his September 21, 2016 appeal was untimely filed by almost 4 months (about

---

[2] A different time limit applies to individual right of action (IRA) appeals pursuant to 5 U.S.C. § 1221.  5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1209.5.  As we discuss *infra* ¶ 11, the appellant has not submitted evidence that he sought corrective action with OSC regarding his removal, which is a prerequisite to filing an IRA appeal with the Board.  Therefore, we find that the time limits in 5 C.F.R. § 1209.5 do not apply to this appeal concerning his removal.

117 days).  PFR File, Tab 4 at 8; ID at 3, 5.  The record contains conflicting evidence regarding whether the time limit began to run on April 27, 28, or 29, 2016.[3]  Considering, however, that the overall delay was undisputedly about 117 days, we find that this relatively minor difference of at most 2 days is immaterial to our analysis, and it is unnecessary to resolve this minor discrepancy because, in any event, his appeal was substantially untimely.

The appellant has not established good cause to waive the time limit for filing his Board appeal.

¶8        The Board may waive the time limit for filing an appeal if the appellant has shown good cause for the delay.  *Smith*, 117 M.S.P.R. 527, ¶ 6; 5 C.F.R. § 1201.22(c).  To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9        For the following reasons, we agree with the administrative judge's finding that the appellant failed to show good cause for the delay in filing his appeal.  ID at 4-5.  Although the appellant's pro se status is a factor weighing in his favor, we

---

[3] The agency's decision letter states that the appellant's removal was effective April 27, 2016.  IAF, Tab 5 at 17.  The appellant indicated that he received the agency's decision letter on or around April 28, 2016.  IAF, Tab 1 at 3, Tab 6 at 8.  The agency has argued that the removal became effective on April 29, 2016.  IAF, Tab 5 at 8; PFR File, Tab 3 at 6.  The Standard Form 50 provided by the agency states that the removal was effective April 24, 2016.  IAF, Tab 5 at 50.

find that it is outweighed by the other *Moorman* factors. *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (declining to excuse a pro se appellant's unexplained 14-day filing delay); *see also Wallace v. Department of Veterans Affairs*, 81 M.S.P.R. 88, ¶ 5 (stating that the appellant's inexperience with legal matters and unfamiliarity with Board procedures did not warrant waiver of the filing deadline), *aff'd*, 217 F.3d 856 (Fed. Cir. 1999) (Table). In particular, his delay in filing of almost 4 months is a significant delay. *See, e.g.*, *Floyd v. Office of Personnel Management*, 95 M.S.P.R. 260, ¶ 6 (2003) (finding a 1-month delay not minimal); *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, 441 (2003) (finding a 13-day delay not minimal). Moreover, the appellant has not presented any evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from timely filing his appeal.

¶10 Importantly, we find that the appellant's argument that he did not file his appeal on time because he believed that the agency's removal action was covered by an ongoing OSC investigation is not a reasonable excuse. In his petition for review, the appellant argues that the administrative judge erred in finding that OSC's close-out letter dated October 2, 2015, was mailed to his address of record because there is no evidence that it was actually mailed. PFR File, Tab 1 at 5-6; ID at 5. In addition, he submits a copy of an OSC email dated December 7, 2016, which he alleges is new and material evidence purportedly showing that he did not receive OSC's close-out letter until after he filed the instant appeal and requested a copy from OSC. PFR File, Tab 1 at 6, 10; IAF, Tab 6 at 10, Tab 7 at 4-5. The December 7, 2016 email indicates that, based on his representation that he did not timely receive its October 2, 2015 close-out letter, OSC decided to reopen his case file for the limited purpose of allowing him to provide additional comments on OSC's October 2, 2015 decision to close his file. PFR File, Tab 1 at 10.

¶11    However, even assuming that the appellant did not receive notice that OSC closed its investigation into his retaliation complaint until shortly before he filed this appeal, we find that it was not reasonable for him to believe that his removal was included in that investigation. The whistleblower reprisal complaint that he filed with OSC on February 8, 2014, predated his removal by almost 22 months, and he has not alleged or provided evidence that he communicated with OSC regarding his removal or expressed his wish to include his removal in his complaint. IAF, Tab 1 at 21-29. Moreover, the agency's removal decision letter provided him clear notice that he could appeal directly to the Board within the filing deadline, or file an OSC complaint and subsequently file an individual right of action appeal with the Board. IAF, Tab 5 at 17-19. In addition, although the appellant asserts that the initial decision was based partly on an erroneous OSC file number he provided, he has failed to explain why the alleged factual error is material to the outcome of this case.[4] PFR File, Tab 1 at 5; ID at 3; *see* 5 C.F.R. § 1201.115(a). Thus, we find that, under the particular circumstances of this case, the appellant has failed to show that he exercised due diligence or ordinary prudence in filing his appeal.

¶12    For the first time on review, the appellant claims that, after he was removed, his doctor ordered him to have no contact with the agency for 6 months and that his recovery period ended on October 25, 2016. PFR File, Tab 1 at 6-7. We find this argument does not provide a basis for disturbing the initial decision. First, the appellant has failed to explain why he could not have raised it below after receiving notice of the criteria for showing good cause for a filing delay based on an illness. IAF, Tab 2 at 4; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an

---

[4] The initial decision merely notes that the appellant referenced a second OSC file in his pleadings (OSC File No. DI-14-1450), ID at 3, which, based on the form of the file number, would appear to be a disclosure of wrongdoing investigation initiated in 2014. The administrative judge also explicitly considered his retaliation complaint, OSC File No. MA-14-1438. ID at 2 n.1, 3-4.

argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *see also Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 438 (1998) (holding that, when an appellant states that the reason for a filing delay is physical or mental illness, he must receive explicit information regarding the legal standard for establishing good cause on that basis).  Second, even assuming his doctor ordered him to have no contact with the agency, this would not explain why he could not file a complaint with OSC or file an appeal with the Board.

¶13    Finally, we decline to address the appellant's arguments regarding the merits of his removal appeal because they are not relevant to the dispositive timeliness issue.  PFR File, Tab 1 at 7, Tab 4 at 5-7, 9-10.  Further, we find that the other documents submitted on review, some of which were contained already in the record below, are not material to the dispositive timeliness issue.  PFR File, Tab 1 at 9, Tab 4 at 11-14.

¶14    Accordingly, we find that the administrative judge properly dismissed this appeal as untimely filed without good cause shown.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
_____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.